```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10                    IN THE UNITED STATES DISTRICT COURT

11                 FOR THE EASTERN DISTRICT OF CALIFORNIA

12
13  JENIFFER WERTZ,                    )     2:08-cv-317-GEB-KJM
                                       )
14               Plaintiff,            )     ORDER
                                       )
15         v.                          )
                                       )
16  WASHINGTON MUTUAL BANK; FIRST      )
    AMERICAN CORPORATION; FIRST        )
17  AMERICAN; EAPPRAISEIT; LENDERS     )
    SERVICES, INC., dba LSI; FIDELITY  )
18  NATIONAL INFORMATION SERVICES,     )
    INC.; SUSAN RICHTER, an individual;)
19  and DOES 1-100, inclusive,         )
                                       )
20               Defendants.           )
    _____)
21
22          On February 29, 2008, Plaintiff filed a motion seeking to

23  remand this action to the Superior Court of Sacramento County and

24  payment of costs and fees incurred as a result of the removal.

25  Defendants Washington Mutual Bank ("WaMu"), Susan Richter ("Richter"),

26  First American Corporation, and eAppraiseIT, LLC (collectively

27
28
```

1 "Defendants") oppose the motion.[1]  Oral arguments on the motion were

2 heard April 21, 2008.  For the reasons stated, the motion to remand is

3 granted, but Plaintiff's request for fees and costs is denied.

4                              BACKGROUND

5          Plaintiff, a licensed real estate appraiser, provided

6 appraisal services to Washington Mutual Bank directly and through

7 contracts with LSI, First American and eAppraiseIT. (Compl. ¶¶ 6, 11.)

8 Richter was a sales manager for WaMu (Id. ¶ 8.)  Plaintiff alleges in

9 her Complaint that

10              [o]n or about May 21, 2007, Richter informed [her]
               that a loan for which Plaintiff had prepared an
11             appraisal report had been declined because
               Plaintiff had indicated in her report 'declining'
12             market conditions.  Richter insisted that
               Plaintiff change her appraisal report to indicate
13             'stable' market conditions so that the loan could
               be approved. . . . Richter then told Plaintiff
14             that if she did not change the appraisal report,
               that, she Richter would have Plaintiff blocked or
15             prevented from doing any WAMU appraisal work.
               . . . On or about June 18, 2007, LSI informed
16             Plaintiff that Plaintiff had been blocked by WAMU,
               that WAMU would not give Plaintiff any more
17             appraiser work because of two of Plaintiff's
               appraisal reports. . . .  Because WAMU could not
18             get the appraised values it wanted from Plaintiff,
               WAMU prevented Plaintiff from doing any real
19             estate appraisal work for WAMU, resulting in a
               loss of annual income to Plaintiff in excess of
20             $100,000.

21 (Id. ¶¶ 17, 19, 22.)  Plaintiff's Complaint contains the following

22 twelve state law claims: breach of written contract, breach of oral

23 contract, breach of implied covenant of good faith and fair dealing,

24 intentional interference with prospective economic gain, tortious

25 interference with contract, fraud, slander, violation of unfair

26

27 ───────────────

28       [1]     Defendants Washington Mutual Bank and Susan Richter opposed
   Plaintiff's motion (Dkt. No. 21) and Defendants First American
   Corporation and eAppraiseIT, LLC joined this opposition (Dkt. No. 21).

                                    2

business practice, intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy, and declaratory relief.

Plaintiff's claims incorporate her allegations that direct contact from Richter violated several laws regarding appraiser independence including 12 C.F.R. § 34.45 (appraisers shall be free of an interest in the property transactions) and § 564.5 (appraisers shall be independent). (Id. ¶¶ 18, 20.)  These regulations were promulgated by the Office of Thrift Supervision ("OTS").  OTS was formed pursuant to the federal Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 et seq. ("HOLA"), which created uniform federal regulations for savings and loan associations.  Conference of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1257-58 (9th Cir. 1979). The OTS also regulates the preparation and use of real estate appraisals by federally regulated financial institutions pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").  See 12 C.F.R. §§ 564.1-564.8.  OTS has promulgated a regulation which prescribes

> OTS hereby occupies the entire field of lending regulation for federal savings associations.  OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation.  Accordingly, federal savings associations may extend credit as authorized under federal law . . . without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . . .

12 C.F.R. § 560.2(a) ("section 560.2").  Subsection 560.2(b) lists examples of state laws preempted by paragraph (a) and subsection 560.2(c) lists types of state laws that are not preempted.

///

## REMOVAL STANDARDS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by [] the defendants, to the district court [] for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction, Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal "has the burden of establishing that removal [is] proper." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). There is a "'strong presumption' against removal" with "any doubt" resolved in favor of remand. Gaus, 980 F.2d at 566.

Defendants' removal is premised on allegations that federal question jurisdiction exists because Plaintiff's right to relief depends on a substantial question of federal law. (Notice of Removal ¶ 4.) Federal question jurisdiction exists when "a defendant establishes Plaintiff's] case 'arises under' federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (citing Caterpillar Inc., 482 U.S. at 399).

1      However, even where the complaint does not indicate on its

2  face that a case "arises under" federal law, jurisdiction may lie

3  under the substantial federal question doctrine if a state law claim

4  "necessarily raise[s] a stated federal issue, actually disputed and

5  substantial, which a federal forum may entertain without disturbing

6  any congressionally approved balance of federal and state judicial

7  responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'q &

8  Mfg., 545 U.S. 308, 314 (2005).

9                              ANALYSIS

10  I. Substantial Federal Question[2]

11      Plaintiff's state claim alleging the tort of interference

12  with prospective economic gain necessarily raises a federal issue,

13  since one element of that tort is that the alleged act was

14  "independently wrongful," and Plaintiff indicates that Defendants'

15  violation of the federal regulations regarding appraiser independence

16  satisfies that element.[3] San Jose Constr., Inc. v. S.B.C.C., Inc.,

17  155 Cal. App. 4th 1528, 1544 (2007).

18      Defendants argue that Plaintiff's state law claims present

19  substantial federal issues because

20          [s]tandards for appraiser independence
            unquestionably "affect[] lending," and fall within
21          the preemptive scope of 12 C.F.R. § 560.2.  Field
            preemption is thus relevant because it
22          demonstrates the substance and centrality of the

23  ────────────────

24      [2]  Plaintiff argues that the doctrine of complete preemption does
    not support removal jurisdiction in this case.   (Mot. at 9:24.)
25  However, since Defendants do not rely on this doctrine as a basis for
    removal, this issue is not decided.

26
        [3]  Defendants also argue that Plaintiff's unfair business
27  practice claim and request for declaratory relief also contain necessary
    federal issues.  (Opp'n at 9:11-23, 10:25-11:6.)   Since Defendants'
28  arguments for all three of these claims are the same except where noted,
    the reasons stated for remand apply to all of them.

federal question; WaMu's lending practices are
subject *only* to federal regulation. . . . By
basing her claim against WaMu on the alleged
violation of appraisal standards that are
necessarily exclusively federal in character, the
complaint "discloses a contested and substantial
federal question."

(Opp'n at 12:25-13:4 (quoting first <u>Silvas v. E*Trade Mortgage Corp.</u>,

514 F.3d 1001, 1005 (9th Cir. 2008) (citing 12 C.F.R. § 560.2 and

holding state laws listed under § 560.2(b) are preempted under field

preemption), quoting second <u>Grable</u>, 545 U.S. at 313-14).)  Defendants

further argue that Plaintiff's request for declaratory relief to

enjoin WaMu from engaging in illegal conduct presents a substantial

federal issue because it "is manifestly contrary to Congress's policy

judgment (enacted into law as HOLA and FIRREA) that federally

regulated financial institutions be governed exclsively by federal

law."  (Opp'n at 10:25-11:6.)  Plaintiff rejoins that her claims are

not preempted by HOLA because they fall outside of the field of

preemption promulgated by OTS, (Reply at 4:20-5:14), and, regardless,

[t]he fact that Defendant WaMu has to comply with
federal laws and regulations and may use such
compliance as their defense is insufficient to
give this court jurisdiction. . . . [A] case may
not be removed to federal court on the basis of a
federal defense even if the defense is anticipated
in Plaintiff's complaint, and even if the parties
admit that the defense is the only question truly
at issue in the case.

(Mot. at 7:19-28 (citing <u>Franchise Tax Bd. of Cal.</u>, 463 U.S. at 14).)

Even assuming, *arguendo*, that Plaintiff's claims are

preempted by section 560.2, Defendants have neither argued complete

preemption is a basis for removal nor shown that Congress intended to

transfer jurisdiction of the HOLA issues from state to federal court.

<u>Wayne v. DHL Worldwide Express</u>, 294 F.3d 1179, 1183 (9th Cir. 2002)

("[C]omplete preemption occurs only when Congress intends not merely

to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court."); see also Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1403 (9th Cir. 1988) (Complete preemption "describe[s] those cases in which federal law completely preempts state law and provides a federal remedy.").

Defendants also rely on Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209 (9th Cir. 1998), arguing that a substantial federal question exists because Plaintiff's "relief is 'predicated on a subject matter committed exclusively to federal jurisdiction.'" (Mot. at 13:5-15 (quoting Sparta, 159 F.3d at 1213).) Defendants further argue that this action is similar to California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831 (9th Cir. 2004) and California ex rel. Lockyer v. Powerex Corp., 2006 WL 997717 (E.D. Cal. Apr. 14, 2006) because those cases, like Sparta, upheld removal jurisdiction for claims predicated on federal regulations that "'wholly govern[] the lawfulness of the companies' conduct.'" (Mot. at 13:16-14:6 (quoting Dynegy, 375 F.3d at 841 n.6).)  However, Sparta, Dynegy, and Powerex, all involved statues (the Securities Exchange Act and the Federal Power Act) that contain jurisdictional provisions granting federal courts exclusive jurisdiction for violations of the statutes.  See 15 U.S.C. § 78aa; 16 U.S.C. § 825p.  Defendants have pointed to no such exclusive jurisdictional provision contained in HOLA.

Defendants also rely on the artful pleading doctrine, arguing that "any assertion that WaMu 'fraudulently' violated 'state law' in its appraisal practices, . . . would be an improper attempt to circumvent federal jurisdiction in a field preempted by federal law."

(Opp'n at 12:1-10 (citing <u>In re Tamoxifen Citrate Antitrust Litig.</u>, 222 F. Supp. 2d 326, 330 (E.D.N.Y. 2002)).)  "Artful pleading exists where a plaintiff articulates an inherently federal claim in state-law terms.  'A traditional example of the artful pleading doctrine is one in which the defendant has a federal preemption defense to a state claim and federal law provides a remedy.'" <u>Brennan v. Southwest Airlines Co.</u>, 134 F.3d 1405, 1409 (9th Cir. 1998) (quoting <u>Sullivan v. First Affiliated Sec., Inc.</u>, 813, F.2d 1368, 1372 (9th Cir. 1987)). Defendants, however, have not shown that HOLA provides a private remedy that Plaintiff is attempting to avoid.  <u>Compare</u> <u>Brennan</u>, 134 F.3d at 1409-10 ("It is well established that the [Internal Revenue Code] provides the exclusive remedy in tax refund suits . . . . Accepting Plaintiffs' argument would permit a taxpayer to evade the strictures of [the Internal Revenue Code section establishing exclusive federal remedy] every time an IRS collection agent collected a tax without authority."), <u>with</u> <u>Burns Int'l, Inc. v. W. Sav. & Loan Ass'n</u>, 978 F.2d 533, 535 (9th Cir. 1992) (finding there is no private federal cause of action for violation of HOLA).

        Plaintiff argues that there is no significant federal issue raised by her claims because "the[] references [to the OTS regulations] are purely ancillary to the state law claims and as such the references are only cited to establish a standard of conduct. Such reliance on a federal statute or regulation to establish a standard of conduct does not make it a federal question."  (Mot. at 8:3-10 (citing <u>Hill v. Marston</u>, 13 F.3d 1548, 1550 (11th Cir. 1994) ("[V]iolation of a federal standard as an element of a state tort recovery does not fundamentally change the state tort nature of the action."); <u>Greene v. Gen. Motors Corp.</u>, 261 F. Supp. 2d 414 (W.D.N.C.

2003) (holding allegations that defendants had breached federal warranty standards as a basis for state unfair trade practices claim insufficient to create federal jurisdiction); see also Lyster v. First Nationwide Bank Fin. Corp.,, 829 F. Supp. 1163, 1169 (N.D. Cal. 1993) (holding no removal jurisdiction existed when a violation of federal law was alleged to establish the "wrongful" prong of a state wrongful termination claim. "The fact that a federal statute is incorporated by reference into a state law claim might render the federal statute a 'necessary element' of the state law claim, but it does not thereby make the federal question a 'substantial' one.").)  Defendants rejoin that Plaintiff's argument relies on cases applying a statement in Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986), that has been narrowed by the Supreme Court in Grable, and as such are no longer good law.  (Opp'n at 14:18-15:14.)

Merrell Dow held "a complaint alleging a violation of a federal statute as an element of a state cause of action [does not create federal jurisdiction under the substantial federal question doctrine], when Congress has determined that there should be no private, federal cause of action for the violation" of the federal statute.  Merrell Dow, 478 U.S. at 817.  Some courts have interpreted Merrell Dow as requiring a private federal cause of action for federal question jurisdiction, but the Supreme Court in Grable clarified that Merrell Dow "did not mean to make a federal right of action mandatory . . . . Merrell Dow should be read . . . as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that [federal question jurisdiction] requires."  Grable, 545 U.S. at

317-18.  However, none of the cases on which Plaintiff relies

misapplied <u>Merrell Dow</u> in this way.

       <u>Grable</u> supports Plaintiff's remand motion since it confirmed

that "*Merrell Dow's* analysis . . . fits within the framework of

examining the importance of having a federal forum for the issue, and

the consistency of such a forum with Congress's intended division of

labor between state and federal courts."  <u>Id.</u> at 319.  <u>Grable</u>

specifically affirmed <u>Merrell Dow's</u> reasoning for finding no federal

question jurisdiction where the Court discussed the federal labeling

standard at issue in <u>Merrell Dow</u> and observed that if this federal

standard, which was not part of a federal cause of action

> could get a state claim into federal court, so
> could any other federal standard without a federal
> cause of action.  And that would have meant a
> tremendous number of cases.  One only need[s] to
> consider the treatment of federal violations
> generally in garden variety state tort law. "The
> violation of federal statutes and regulations is
> commonly given negligence per se effect in state
> tort proceedings."  A general rule of exercising
> federal jurisdiction over state claims resting on
> federal . . . statutory violations would . . .
> herald[] a potentially enormous shift of
> traditionally state cases into federal courts.
> Expressing concern over the "increased volume of
> federal litigation," and noting the importance of
> adhering to "legislative intent," *Merrell Dow*
> thought it improbable that the Congress, having
> made no provision for a federal cause of action,
> would have meant to welcome any state-law tort
> case implicating federal law "solely because the
> violation of the federal statute is said to
> [create] a rebuttable presumption [of negligence]
> . . . under state law."

<u>Grable</u>, 545 U.S. at 318-19 (quoting first Restatement (Third) of Torts

§ 14 (Tentative Draft No. 1, 2001), Reporters' Note, p.195; quoting

second <u>Merrell Dow</u>, 478 U.S. at 811-12.).  As in <u>Merrell Dow</u>,

Plaintiff's claims rest on violations of a "federal standard without a

federal cause of action."  <u>See</u> <u>Burns Intern.</u>, 978 F.2d at 535.

1  Accordingly, granting federal jurisdiction for Plaintiff's claims
2  would "herald[] a potentially enormous shift of traditionally state
3  cases into federal courts." <u>Grable</u>, 545 U.S. at 319.  Defendants have
4  not shown that the federal issue in question is so substantial as to
5  overcome this shift.  Accordingly, the motion to remand is granted.
6  <u>II.  Costs and Fees</u>

7        Plaintiff seeks costs and fees incurred as a result of
8  removal, arguing "Defendants' belief that because OTS regulates them
9  and that somehow creates federal question on state tort and contract
10 claims is without foundation."  (Mot. at 15.20-22.)

11       Title 28, section 1447(c) of the United States Code provides
12 "[a]n order remanding [a] case [based on lack of subject matter
13 jurisdiction] may require payment of just costs and any actual
14 expenses, including attorney fees, incurred as a result of the
15 removal."  "[A]bsent unusual circumstances, attorney's fees should not
16 be awarded when the removing party has an objectively reasonable basis
17 for removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 136
18 (2005).  Plaintiff has not shown any unusual circumstances and
19 Defendants arguments were reasonable.  Accordingly, Plaintiff's
20 request for fees and costs is denied.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

11

<u>CONCLUSION</u>

For the reasons stated, Plaintiff's request for fees and costs is denied.  Plaintiff's motion to remand is granted and the Clerk of the Court shall remand this action to the Sacramento County Superior Court.

IT IS SO ORDERED

Dated:  April 23, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge